UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

    v.

NATHANIEL BRIAN VERELLEN,

    Defendant.
_____/

Case No. 22-cv-11865

U.S. District Court Judge
Gershwin A. Drain

## ORDER OF SUMMARY REMAND

On August 12, 2022, Nathaniel Brian Verellen filed a *pro se* notice of removal purporting to remove to this court a criminal action against him in Seventy-Second Judicial District Court in St. Claire County, Michigan. ECF No. 1. On July 21, 2022, Mr. Verellen was convicted, after a bench trial, of driving without a valid license, in violation of MCL 257.301; driving while failing to maintain insurance, in violation of MCL 500.3102; and unlawful use of a license plate, in violation of MCL 275.256. *Michigan v. Brian*, No. 22-M00553ST (72nd Dist. Ct. of Mi.). He was sentenced on August 16, 2022 and filed a claim of appeal on September 6, 2022. ECF No. 4.

1

Mr. Verellen raises several arguments in support of his notice of removal. For example, he argues that he produced evidence of "his tribal license plates, permit and credentials requisite for interstate travel under the Treaty of 1791, 7 Stat. 39," but he was convicted anyway. ECF No. 1, PageID.2. He also asserts that the State destroyed the license plate at issue in his prosecution and instead introduced an image during his trial. *Id*. Mr. Verellen alleges this matter presents a federal question because "the State of Michigan violated 42 U.S.C. § 1981 by subjecting [him] to disparate treatment and retaliation based on his ethnicity and nationality." *Id.* at PageID.3. He also seems to contend that he has a "compulsory counterclaim" against the State of Michigan for malicious prosecution and intentional infliction of emotional distress that must be adjudicated under the Federal Tort Claims Act. *Id*. Finally, Mr. Verellen maintains that this action is brought against an officer of the United States because "the State of Michigan is a federal contractor." *Id.* at PageID.4 (citation and internal quotation marks omitted).

For the following reasons, the Court finds that removal is improper and will summarily remand the matter.

"Removal of state-court criminal prosecutions is permissible only in rare circumstances." *Lay v. Michigan*, No. 22-cv-11095, 2022 U.S. Dist. LEXIS 107614, at *2 (E.D. Mich. June 16, 2022) (citation and internal quotation marks omitted); *see*

2

*also City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966) ("[T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."). Indeed, such removals are only permitted when they involve a criminal prosecution:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In addition to the substantive requirements of § 1443, a defendant seeking to remove a criminal prosecution must also satisfy the procedural requirements of 28 U.S.C. § 1455.

> A defendant seeking to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier . . . ." *Id.* at § 1455(b)(1). A notice of removal does not prevent the state court from proceeding with its case, *id.* at § 1455(b)(3), and, "[i]f it clearly appears on the face of

3

the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand," *id.* at § 1455(b)(4).

*Thurmond v. Langford-Morris*, 2014 U.S. Dist. LEXIS 200268, at *4–5 (E.D. Mich. Aug. 14, 2014).

Here, even if Mr. Verellen satisfied the substantive requirements to remove his criminal prosecution, removal would be procedurally improper. Mr. Verellen was arraigned in his underlying state case on April 21, 2022, and the trial was held on July 21, 2022. Nevertheless, Mr. Verellen filed his notice of removal on August 12, 2022. His notice of removal was thus both more than 30 days after his arraignment and after his trial, in violation of 28 U.S.C. § 1455(b)(1), and Mr. Verellen has not shown good cause for his delay.

To the extent Mr. Verellen instead seeks to challenge his conviction, he should do so through the regular state criminal appellate process, and if necessary, a later petition for writ of habeas corpus at the state or federal levels. If Mr. Verellen instead seeks to bring a civil action, he should do so by filing a complaint. He should, however, be "be mindful that when a civil claim relates to a criminal prosecution, parties are generally unable to obtain damages unless the criminal action has been resolved in the defendant's favor." *Austin v. Stapleton*, No. 1:22-

4

CV-11895, 2022 U.S. Dist. LEXIS 167730, at *5-6 (E.D. Mich. Sept. 15, 2022) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

Accordingly, **IT IS HEREBY ORDERED** that this matter is **SUMMARILY REMANDED** to the Seventy-Second Judicial District Court in St. Claire County, Michigan.

       **IT IS SO ORDERED**.

/s/ Gershwin Drain  
GERSHWIN A. DRAIN  
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 27, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

5